```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE      * MDL Docket No. 2004
                                 4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS  *
                                 Case No.
LIABILITY LITIGATION           * 4:13-cv-323 (Brown)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Shari Brown was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Brown brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Brown also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor argues that several of Brown's claims are time-barred under Minnesota law. Brown did not respond to Mentor's partial summary judgment motion. As discussed below, Mentor's partial summary judgment motion (ECF No. 40 in 4:13-cv-323) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.* Mentor submitted a statement of undisputed material facts. Brown did not respond to that statement of undisputed material facts. Therefore, Mentor's statement of material facts is deemed admitted pursuant to Local Rule 56.

The Court reviewed Mentor's citations to the record to confirm that they support Mentor's fact statements.

FACTUAL BACKGROUND

Dr. Bruce Woodworth implanted Brown with ObTape on February 8, 2005. In November 2007, Brown saw Dr. Eric Wood, who diagnosed Brown with a vaginal erosion of her ObTape and told her that the eroded portion of her ObTape needed to be removed. Dr. Wood removed the eroded portion of Brown's ObTape on November 28, 2007. At the time, Brown understood that a portion of her sling had to be removed because it had eroded and was not doing what it was supposed to do. After the removal surgery, the discharge symptoms Brown had experienced resolved, and Brown attributed her discharge symptoms to ObTape.

Brown is an Ohio resident, and all of her ObTape-related treatment occurred in Ohio. Brown filed this action in the United States District Court for the District of Minnesota on July 9, 2013, and the Judicial Panel on Multidistrict Litigation transferred the case to this multidistrict litigation proceeding for pretrial proceedings. Brown asserts claims for strict liability, negligence, breach of warranty, and failure to warn.

DISCUSSION

Mentor contends that Brown's strict liability and breach of warranty claims are time-barred under Minnesota law and that her failure to warn claim is also time-barred to the extent it is

brought under a strict liability theory. Mentor asserts, and Brown does not dispute, that Minnesota law applies to Brown's claims. *See Cline v. Mentor*, No. 4:10-cv-5060, 2013 WL 286276, at *7 (M.D. Ga. Jan. 24, 2013) (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

## I. Strict Liability Claims

The statute of limitations for a strict liability claim, including a failure to warn claim brought under a strict liability theory, is four years. Minn. Stat. § 541.05 subd. 2 ("[A]ny action based on the strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be commenced within four years."). Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'" *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law). Thus, as the Court has concluded on several occasions, a plaintiff's strict liability cause of action accrues under Minnesota law when the plaintiff learns that she has an injury that is related

to a product.  *E.g., Watson v. Mentor Worldwide, LLC*, No. 4:13-cv-27, 2016 WL 1574071, at *2 (M.D. Ga. Apr. 19, 2016) (quoting *Klempka*, 963 F.2d 168, 170 (8th Cir. 1992) ("A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause.")).  For example, in *Klempka*, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device. *Klempka*, 953 F.2d at 169. Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility. *Id.* Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device. *Id.* at 170.

Here, Brown knew in November 2007 that her ObTape had eroded and that the eroded portion of her ObTape had to be removed.  She also connected her discharge symptoms to ObTape at that point.  Thus, Brown had enough information to connect her injuries to ObTape by November 2007.  She did not file her complaint until more than five years later, in July 2013.  Brown's strict liability claims—including any failure to warn

5

claim brought under a strict liability theory—are therefore time-barred.

## II. Breach of Warranty Claims

Under Minnesota law, a breach of warranty action "must be commenced within four years after the cause of action has accrued." Minn. Stat. § 336.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. Ann. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.; cf. Allstate Ins. Co. v. Gen. Motors Corp.*, No. PD 04-12393, 2005 WL 264276, at *4–*5 (Minn. Dist. Ct. Jan. 24, 2005) (concluding that the plaintiff's breach of warranty claim accrued when the plaintiff's car was delivered to him, not when the car's rear axle and rotor plate failed several years later).

Brown does not dispute that her ObTape was delivered on February 8, 2005 when it was implanted into her body. Brown also does not dispute that she did not file her action within four years after delivery of her ObTape. And she did not point to any evidence that ObTape's warranty explicitly extended to

6

future performance.  Thus, Brown's warranty claims accrued on February 8, 2005.  She did not bring this action within four years, so her breach of warranty claims are time-barred.

## CONCLUSION

For the reasons set forth above, Mentor's partial summary judgment motion (ECF No.  40 in 4:13-cv-323) is granted.  Only Brown's negligence claim, including any failure to warn claim brought under a negligence theory, remains pending.

This action is now ready for trial.  Within seven days of the date of this Order, the parties shall notify the Court whether they agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 20th day of September, 2016.

> s/Clay D. Land
> _____
> CLAY D. LAND
> CHIEF U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA